

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2005

# Panichelli v. General Elec Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Panichelli v. General Elec Co" (2005). *2005 Decisions.* Paper 670.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/670

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-2247
_____

MICHAEL A. PANICHELLI,

Appellant

v.

GENERAL ELECTRIC CO.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-00461)
District Judge: Honorable Marvin Katz

_____

Submitted Under Third Circuit LAR 34.1(a)
August 19, 2005

Before: VAN ANTWERPEN, GREENBERG and NYGAARD, Circuit Judges

(Filed:  August 22, 2005)

_____

OPINION
_____

PER CURIAM

Appellant, Michael Panichelli, appeals from an order dismissing his complaint for

failure to exhaust administrative remedies and an order denying his motion for

reconsideration of that order. For the reasons set forth below, we will vacate and remand for further proceedings.

Panichelli was employed, as a refrigerator compressor charger and eventually an appliance technician, by General Electric Company ("GE") from 1988 until March 2002. On February 26, 2002, he was placed on "lack of work" status. In March 2002, he received a letter, dated March 5, 2002, that notified him that his employment was terminated effective March 13, 2002. On December 30, 2002, he submitted a Charge Questionnaire to the Equal Employment Opportunity Commission ("EEOC"). A formal Charge of Discrimination was filed by the EEOC on January 31, 2003.

After receiving a "right to sue letter" from the EEOC, Panichelli filed the underlying complaint in the District Court alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., based on the termination of his employment in March 2002. He also filed a motion for appointment of counsel, which was denied the day it was filed. The District Court granted GE's motion to dismiss the complaint. Panichelli filed a motion for reconsideration, which was denied. He then filed this timely appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over an order granting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We review an order denying a motion for reconsideration for abuse of discretion. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

2

With his motion for reconsideration, which was filed with the assistance of counsel, Panichelli submitted his Charge Questionnaire to show that he had timely exhausted his administrative remedies. He claimed that he received notice of the discriminatory act when he was terminated from his employment on March 13, 2002; that the Charge Questionnaire, which is date-stamped December 30, 2002, is sufficient to constitute a charge pursuant to 29 C.F.R. § 1601.12; and that, therefore, he timely filed a charge with the EEOC within the 300-day statutory period. See Philbin v. Gen. Elec. Capital Auto Lease, Inc., 929 F.2d 321, 323 (7th Cir. 1991). The District Court denied the motion for reconsideration.

A motion for reconsideration may be granted to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). When he filed his complaint, Panichelli also filed a motion for appointment of counsel, which was denied. He proceeded *pro se* in this case until he filed his post-judgment motion with the assistance of counsel. He obtained a copy of the Charge Questionnaire only after his attorney helped him to exercise his rights under the Freedom of Information Act. In an affidavit filed in this Court, Panichelli explains that he thought the Charge of Discrimination was sufficient evidence that he had filed a timely claim with the EEOC, especially since the EEOC did not dismiss his complaint. Based on the circumstances presented in this case, the District Court should have exercised its discretion to grant the motion for reconsideration and consider whether the Charge Questionnaire was adequate to constitute a charge.

Based on the foregoing, we will reverse the District Court's order denying Panichelli's motion for reconsideration, vacate the District Court's order granting GE's motion to dismiss, and remand for further proceedings consistent with this opinion.